Filed 6/30/25  P. v. Liggins CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>PHILLIP VERNELL LIGGINS,<br><br>    Defendant and Appellant. | C102238<br><br>(Super. Ct. No. 05F04565) |

Defendant Phillip Vernell Liggins appeals from a postconviction order denying his request for resentencing under Penal Code section 1172.75.[1]  Appointed counsel asked this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  Having exercised our discretion to independently review the record (see *People v. Delgadillo* (2022) 14 Cal.5th 216, 226, 232), we have found no arguable error that would result in a disposition more favorable to defendant.  We will affirm the trial court's order denying the request for resentencing.

_____

[1]  Undesignated statutory references are to the Penal Code.

1

# I

In June 2006, a jury convicted defendant of possession of cocaine base (Health & Saf. Code, § 11350, subd. (a)), transportation of cocaine base (Health & Saf. Code, § 11352, subd. (a)), and driving on a suspended license (Veh. Code, § 14601.1, subd. (a)). The trial court found true allegations that defendant had seven prior strike convictions (§ 667, subds. (b)-(i)) and a prior prison term (§ 667.5, subd. (b)). The trial court sentenced defendant to an aggregate prison term of 25 years to life plus one year. This court affirmed the judgment. (*People v. Liggins* (Apr. 4, 2008, C053698) [nonpub. opn.].)

Effective January 1, 2020, Senate Bill No. 136 (2019-2020 Reg. Sess.) (Stats. 2019, ch. 590) amended section 667.5, limiting prior prison term enhancements to prior terms for sexually violent offenses. (*People v. Burgess* (2022) 86 Cal.App.5th 375, 380.) On October 8, 2021, the Governor signed Senate Bill No. 483 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 728, § 3), which implemented a recall and resentencing procedure for individuals serving prison sentences including a section 667.5, subdivision (b) enhancement. (*People v. Kimble* (2024) 99 Cal.App.5th 746, 751, rev. granted Apr. 24, 2024, S284259.) Under that procedure, the Department of Corrections and Rehabilitation (CDCR) notifies the sentencing court when a defendant is serving a sentence that includes a section 667.5, subdivision (b) enhancement. (§ 1172.75, subd. (b).) The sentencing court reviews the judgment and, if the defendant is eligible, the trial court resentences the defendant. (§ 1172.75, subd. (c).)

Here, CDCR identified defendant as eligible for resentencing, the trial court appointed counsel, and the parties submitted briefing. The trial court determined that defendant's prior prison term included a sentence on a rape conviction (§ 261), a sexually violent offense (Welf. & Inst. Code, § 6600). The trial court ruled that defendant was not entitled to resentencing. (§ 1172.75, subds. (a), (c).)

II

Appointed counsel filed an opening brief setting forth the facts of the case and asking this court to review the record and determine whether there are any arguable issues on appeal. (*Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing the opening brief. More than 30 days elapsed and we received no communication from defendant.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

DISPOSITION

The trial court's order denying the request for resentencing is affirmed.


        /S/
MAURO, Acting P. J.


We concur:


        /S/
DUARTE, J.


        /S/
RENNER, J.

3